**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Lovejoy and Carolyn Lovejoy, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife,<br><br>Defendants. | No. CV-09-01912-PHX-NVW<br><br>**ORDER** |

Before the Court is Sheriff Arpaio's "Motion *In Limine* to Exclude Plaintiffs' Expert D.P. Van Blaricom From Providing Testimony or Other Evidence" (Doc. 86). For the reasons explained below, the motion will be granted in part and denied in part.

The alleged facts have been summarized elsewhere (*see* Doc. 23) and will not be repeated here. For purposes of this motion, it suffices to note that Sgt. Lovejoy brought this suit against Sheriff Arpaio alleging various forms of malicious prosecution and abuse of process. These allegations arose from the criminal prosecution brought against Sgt. Lovejoy for accidentally leaving his K-9 partner, Bandit, in a hot vehicle, causing Bandit's death.

Sgt. Lovejoy has hired a police practices expert, D.P. Van Blaricom, to offer opinions about the propriety of Sheriff Arpaio's alleged actions. Mr. Van Blaricom spent 29 years as a police officer in Bellevue, Washington, including 11 years as chief of police. During that time, Mr. Van Blaricom established a K-9 unit in his police

1 department. Since his retirement from active duty, Mr. Van Blaricom has been a police
2 practices consultant, having been retained as an expert in over 1,500 lawsuits over the
3 course of 25 years. Sheriff Arpaio has now challenged the admissibility of the opinions
4 expressed in Mr. Van Blaricom's expert report.

Mr. Van Blaricom may testify about his background, experience, and credentials, which are not in dispute. Mr. Van Blaricom may also offer testimony consistent with paragraphs 8a–8c and 8e of his expert report (Doc. 86-1). These paragraphs provide background on how K-9 units are viewed within police departments, something about which average jurors may not be aware.

Fed. R. Evid. 403 prevents Mr. Van Blaricom from testifying based on paragraph 8d. It is not relevant that Mr. Van Blaricom has not heard of incidents of handlers intentionally mistreating police dogs. Even if Sheriff Arpaio himself had never before heard of such incidents, the evidence may ultimately support an inference that he reasonably believed this was the first.

Fed. R. Evid. 702 prevents Mr. Van Blaricom from testifying based on paragraph 8f. Mr. Van Blaricom's generalization — "absolutely preclude any intentional neglect or mistreatment" — is not proper expert testimony. It is not the product of "facts or data" nor of "reliable principles and methods." Fed. R. Evid. 702. Accordingly, it will be excluded.

The remainder of Mr. Van Blaricom's opinions will be excluded because they will not "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Van Blaricom summarizes documents and deposition testimony and draws no more than basic inferences about human motives and conduct. Jurors understand the emotions and tendencies at issue just as well. Accordingly, the Rules of Evidence do not permit Mr. Van Blaricom's testimony on those issues. *See United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (expert testimony must "address[] an issue beyond the common knowledge of the average layperson" (internal quotation marks omitted)). Some of Mr.

Van Blaricom's opinions are also plain legal conclusions, and therefore improper expert testimony on that basis as well.

IT IS THEREFORE ORDERED that Sheriff Arpaio's "Motion *In Limine* to Exclude Plaintiffs' Expert D.P. Van Blaricom From Providing Testimony or Other Evidence" (Doc. 86) is DENIED with respect to paragraphs 8a–8c and 8e of Mr. Van Blaricom's expert report and GRANTED in all other respects.

Dated this 22nd day of August, 2011.

_____
Neil V. Wake
United States District Judge