# EXHIBIT A

**STIPULATED PROPOSED JURY INSTRUCTION NO.  1**
**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.1 B.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2
## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff is Tom Lovejoy, a Chandler Police Sergeant.  Sergeant Lovejoy claims Defendant Maricopa County Sheriff Joseph Arpaio's actions and inactions, directly, and in the capacity as a supervisor and final policymaker for Maricopa County, resulted in the unconstitutional arrest/imprisonment and malicious prosecution of Sergeant Lovejoy in connection with the accidental death of Sergeant Lovejoy's police dog.  Sergeant Lovejoy also claims that Sheriff Arpaio conspired with others in connection with the alleged malicious prosecution of Sergeant Lovejoy.  Sergeant Lovejoy has the burden of proving these claims.

Sheriff Arpaio denies those claims.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.2; *see also* Joint Statement of the Case.


**Defendants' Objection:**  Defendants object to Plaintiff's reference to Plaintiff as "Sergeant Lovejoy," characterization of the claims, and use of the phrase "accidental death" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3
### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is Thomas Lovejoy, a Chandler Police sergeant.  The plaintiff claims that he was wrongfully arrested and prosecuted for the death of his assigned police dog, Bandit.

The plaintiff claims that Defendant Joseph Arpaio's actions' caused the plaintiff to be arrested and prosecuted and violated his constitutional rights. The plaintiff also claims that Defendant Arpaio conspired with others within the Maricopa County Sheriff's Office to violate his constitutional rights. The plaintiff further claims that, because Defendant Arpaio is a policymaker for Maricopa County and Defendant Arpaio's direct actions violated the plaintiff's constitutional rights, Maricopa County is also liable for Defendant Arpaio's actions. The plaintiff has the burden of proving these claims.

Defendants Arpaio and Maricopa County deny these claims.

_____

SOURCE: Ninth Circuit Model Jury Instruction 1.2.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 4
BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.3.

## STIPULATED PROPOSED JURY INSTRUCTION NO.  5
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1.  The sworn testimony of any witness;

    2.  The exhibits which are received into evidence; and

    3.  Any facts to which the lawyers have agreed.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.6.

**STIPULATED PROPOSED JURY INSTRUCTION NO.  6**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements and closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.7.

**STIPULATED PROPOSED JURY INSTRUCTION NO.  7
EVIDENCE FOR LIMITED PURPOSE**


Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.8.

## STIPULATED PROPOSED JURY INSTRUCTION NO.  8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.9.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 9
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.10.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 10
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.11.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 11**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.12.

**STIPULATED PROPOSED JURY INSTRUCTION NO.  12
NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.13.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 13
## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.14.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 14
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.18.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 15
## OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.19.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**
**STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as **Exhibit 1** that will be read to you.  You should therefore treat these facts as having been proved.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.2.


**Defendants' Objection:**  Defendants object only to the extent that this instruction may not be applicable.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**
**JUDICIAL NOTICE**

The court has decided to accept as proved the facts set forth in **Exhibit 2**, even though no evidence has been introduced on the subject.

_____

SOURCE: Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.3.


**<u>Defendants' Objection</u>:**  Defendants object only to the extent that this instruction may not be applicable, and the wording may need to be modified depending on whether the court takes judicial notice of only one fact or more than one fact.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**
**TRANSCRIPT OF TAPE RECORDING**

You [are about to listen] [have listened] to a tape recording that has been received in evidence.  [Please listen to it very carefully.]  Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.5.


**Defendants' Objection:**  Defendants object only to the extent that this instruction may not be applicable.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 19**
**USE OF INTERROGATORIES OF A PARTY**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.10.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 20**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.12.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**
**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.13.

**Defendants' Objection:**  Defendants object only to the extent that this instruction may not be applicable.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 2.14.

**Defendants' Objection:**  Defendants object only to the extent that this instruction may not be applicable.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 23
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]
or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 1.1 C.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 24
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 3.1.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 25**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 3.2.

## STIPULATED PROPOSED JURY INSTRUCTION NO. 26
## RETURN OF VERDICT

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 3.3.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**
**ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

*[Insert text of new instruction.]*

You will now retire to the jury room and continue your deliberations.
_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 3.4.

**<u>Defendants' Objection</u>:**  Defendants object only to the extent that this instruction may not be applicable.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 28**
**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 3.5.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29
## DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  If you find for Sergeant Lovejoy, you must determine Sergeant Lovejoy's damages.  Sergeant Lovejoy has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Sergeant Lovejoy for any injury you find was caused by the defendant(s).  You should consider the following:

> The mental, physical, emotional pain and suffering experienced by Sergeant Lovejoy as a result of the defendant's conduct;

> The loss of liberty, injury to fame, reputation, character, or social or business standing as a result of the defendant's conduct,

> The reasonable value of necessary medical care, treatment, and services received by Sergeant Lovejoy to the present time and which will be required in the future as a result of the defendant's conduct;

> The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost by Sergeant Lovejoy to the present time and in the future as a result of the defendant's conduct;

> The sums expended in defending the alleged unfounded lawsuit as a result of the defendant's conduct.

> It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 5.1/5.2; Jury Instructions on Damages in Tort Actions, CHAPTER 13 TORTS ASSOCIATED WITH LAW ENFORCEMENT, § 13.01 Malicious Prosecution.


**Defendants' Objection:** Defendants object to this instruction because it includes categories of damages that were not alleged and for which there has been no evidence disclosed. *See* Plaintiff's First Amended Complaint (Dkt. 24) at ¶¶ 58, 59, 62 (alleging emotional damages, medical treatment, loss of income, and expense of criminal defense). Plaintiff did not allege in his First Amended Complaint or disclose during discovery any evidence as to necessary future medical treatment; lost business opportunities, employment opportunities, and/or earning capacity; or injury to fame, character, social or business standing. Moreover, the instruction should not refer to both wages and salaries; Plaintiff either earns an hourly wage or is paid a salary. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.  If Plaintiff's instruction is given, Defendants request that, with

respect to future damages, the instruction be modified to more closely conform with the Model Instruction as follows:

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

The reasonable value of wages which with reasonable probability will be lost in the future.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30
## DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of his claims, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

Plaintiff is entitled to recover damages on the false arrest claim only from the time he was arrested until the time at which he appeared before a judge. With respect to Plaintiff's false arrest claim, you should consider the following:

The mental and emotional pain and suffering experienced.

Plaintiff is entitled to recover damages on the malicious prosecution claim for damages incurred after his initial appearance before a judge. With respect to Plaintiff's malicious prosecution claims, you should consider the following:

The mental and emotional pain and suffering experienced;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of lost wages;

The reasonable value of expenses incurred to defend against the criminal prosecution.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

_____

SOURCE:  Ninth Circuit Model Jury Instruction 5.1/5.2; *Heck v. Humphrey*, 512 U.S.477, 484 (1994); Restatement (Second) of Torts § 671.

**Plaintiff's Objection:** Plaintiff objects to this instruction as it does not accurately reflect the scope of damages that will be presented at trial.  For example, evidence of Sergeant Lovejoy's damages from his loss of liberty, injury to fame, reputation, character, or social or business standing as a result of the defendants' conduct will be presented, as it was during discovery.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 31**
**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

_____

SOURCE:  Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 5.6.

**STIPULATED PROPOSED JURY INSTRUCTION NO. 32**
**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.1.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33
SECTION 1983 CLAIM— SECTION 1983 CLAIM AGAINST DEFENDANT IN
INDIVIDUAL CAPACITY**

In order to prevail on his § 1983 claim against Sheriff Arpaio individually, Sergeant Lovejoy must prove each of the following elements by a preponderance of the evidence:

1.      Sheriff Arpaio acted under color of law; and

2.      the acts of Sheriff Arpaio deprived Sergeant Lovejoy of his particular rights under the laws of the United States or United States Constitution as explained in later instructions; *or*

Sheriff Arpaio directed his subordinate[s], or set in motion a series of acts by his subordinate[s], that deprived Sergeant Lovejoy of these rights; *or*

Sheriff Arpaio knew, or reasonably should have known, that his subordinate[s] were engaging in these act[s], and that their conduct would deprive Sergeant Lovejoy of these rights, and Sheriff Arpaio failed to act to prevent his subordinate[s] from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated, and I instruct you, that Sheriff Arpaio acted under color of law.

If you find Sergeant Lovejoy has proved each of these elements, and if you find that Sergeant Lovejoy has proved all the elements they are required to prove under Instruction [specify the  instruction[s] that deal with the particular right[s]], your verdict should be for Sergeant Lovejoy.   If, on the other hand, if Sergeant Lovejoy has failed to prove any one or more of these elements, your verdict should be for the defendant(s).

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.2/9.3.

**Defendants' objection:** Defendants object to this instruction because Plaintiff attempts to impermissibly expand the basis for his claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions (not inactions), and allegations of unconstitutional policies and practices. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34
SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN
INDIVIDUAL CAPACITY — ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Defendant Arpaio, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant Arpaio acted under color of law; and

2. Defendant Arpaio's actions deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions

OR

1. Defendant Arpaio acted under color of law; and

2. the acts of the Defendant Arpaio's subordinates Sergeant Summers and Deputy Simonson deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions; and

3. Defendant Arpaio directed his subordinates in the acts that deprived the plaintiff of these rights.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.3.

**Plaintiff's Objection:** Plaintiff objects to this instruction as it does not accurately reflect the law.  "Supervisors can be held liable for the actions of their subordinates (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; . ..; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35
SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS
BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF
PROOF**

In order to prevail on Plaintiff's § 1983 claim against Maricopa County alleging liability based on the act of a final policymaker, Sergeant Lovejoy must prove each of the following elements by a preponderance of the evidence:

1.     Sheriff Arpaio was a final policymaker of Maricopa County and acted under color of law;

2.     Sheriff Arpaio's acts or omissions deprived Sergeant Lovejoy of his particular rights under the United States Constitution as explained in later instructions;

3.     Sheriff Arpaio had final policymaking authority from Maricopa County concerning these act[s] and/or omissions; and

4.     When Sheriff Arpaio engaged in these act[s] and/or omissions, he was acting as a final policymaker for Maricopa County

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that, at all relevant times, Sheriff Arpaio acted under color of law and had final policymaking authority from Maricopa County concerning the act[s] and/or omissions at issue and, therefore, the first, third and fourth elements require no proof.

If you find Sergeant Lovejoy has proved each of these elements, and if you find that Sergeant Lovejoy has proved all the elements he is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for Sergeant Lovejoy. If, on the other hand, Sergeant Lovejoy has failed to prove any one or more of these elements, your verdict should be for the defendants.

---

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.5; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Garcia v. City of Merced*, 637 F.Supp. 2d 731, 758 (E.D. Cal.  2008).

**Defendants' Objection:** Defendants object to this instruction because it is unnecessarily modified from Model Instruction 9.5. In addition, the proposed instruction includes the phrase "acts *or omissions*" which impermissibly expands Plaintiff's claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions, and of unconstitutional policies and practices, not on a theory of ratification of subordinates' actions. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Defendants further object to the use of "Sergeant Lovejoy"

in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36**
**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**
**BASED ON ACT OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF**
**PROOF**

In order to prevail on his § 1983 claim against defendant Maricopa County alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Defendant Arpaio acted under color of law;

2.   the acts of Defendant Arpaio deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3.   Defendant Arpaio had final policymaking authority from Maricopa County concerning these acts; and

4.   when Defendant Arpaio engaged in these acts, he was acting as a final policymaker for Maricopa County.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that defendant Arpaio acted under color of law.

I instruct you that Defendant Arpaio had final policymaking authority concerning the acts at issue and, therefore, the third element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

_____

SOURCE:  Ninth Circuit Model Civil Jury Instruction 9.5; *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) (municipal liability may be imposed by a single decision of a policymaker).

**Plaintiff's Objection:** Plaintiff objects to this instruction as it does not completely reflect the law.  Sheriff Arpaio set a course of action in motion and also ratified the actions of his subordinates with respect to the treatment of Sergeant Lovejoy.  "Supervisors can be held

liable for the actions of their subordinates (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; . ..; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009).  And, "[i]t is well settled that 'Sheriff Arpaio is a final policymaker for Maricopa County in the context of criminal law enforcement.' *Lovejoy v. Arpaio*, No. CV 09-1912-PHX-NVW, 2010 U.S. Dist. LEXIS 16561, 2010 WL 466010, at *12 (D. Ariz. Feb. 10, 2010); *see* Ariz. Const. art. 12, §§ 3-4; A.R.S. § 11-441. In that official capacity, his acts 'surely represent an act of official government 'policy;' of Maricopa County. *Lovejoy*, 2010 U.S. Dist. LEXIS 16561, 2010 WL 466010, at *13 (citations omitted). Indeed, there 'may be no 'clearer case of county liability' than for the policies of a sheriff charged by law with responsibility for a county's [law enforcement].' *Flanders v. Maricopa County*, 203 Ariz. 368, 54 P.3d 837, 847 (Ariz. Ct. App. 2002) (citation omitted)." *Mora v. Arpaio*, 2011 U.S. Dist. LEXIS 45098 (D. Ariz. 2011). Thus, the County may be held liable for Sheriff Arpaio's failure to terminate the actions of his subordinates and Plaintiff's proposed instruction, permitting the jury to hold the County responsible for Sheriff Arpaio's omissions, is more appropriate.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37
SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT
BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on Plaintiff's § 1983 claim against Maricopa County alleging liability based on ratification by a final policymaker, Sergeant Lovejoy must prove each of the following elements by a preponderance of the evidence:

      1.     Detective Simonson and/or Sergeant Summers acted under color of law when they arrested Sergeant Lovejoy and/or instated legal proceedings against him;

      2.     The acts of Detective Simonson and/or Sergeant Summers deprived Sergeant Lovejoy of his particular rights under the United States Constitution as explained in later instructions;

      3.     Sheriff Arpaio acted under color of law;

      4.     Sheriff Arpaio had final policymaking authority from Maricopa County concerning the act[s] of Detective Simonson and/or Sergeant Summers; and

      5.     Sheriff Arpaio ratified Detective Simonson and/or Sergeant Summers's act[s] and the basis for them, that is, Sheriff Arpaio knew of and specifically approved of the employee's act[s].

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that, at all relevant times, Detective Simonson and Sergeant Summers acted under color of law and, therefore, the first element requires no proof.  I instruct you that, at all relevant times, Sheriff Arpaio acted under color of law and had final policymaking authority from Maricopa County concerning the act[s] and/or omissions at issue and, therefore, the third and fourth elements requires no proof.

If you find Sergeant Lovejoy has proven each of these elements, and if you find that Sergeant Lovejoy has proven all the elements they are required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for Sergeant Lovejoy.  If, on the other hand, Sergeant Lovejoy has failed to prove any one or more of these elements, your verdict should be for the defendants.

---

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.6; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978);*Garcia v. City of Merced*, 637 F.Supp. 2d 731, 758 (E.D. Cal.  2008).

**Defendants' Objection:**  Defendants object to this instruction because Plaintiff attempts to impermissibly expand the basis for his claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions, and of unconstitutional policies and practices, not on a theory of

ratification of subordinates' actions. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Although Defendants do not believe this instruction should be given, Defendants have proposed the following alternative in the event the Court believes such an instruction is appropriate.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38**
**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**
**BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against defendant Maricopa County alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      Detective Simonson and/or Sergeant Summers acted under color of law;

2.      the acts of Detective Simonson and/or Sergeant Summers deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3.      Defendant Arpaio acted under color of law;

4.      Defendant Arpaio had final policymaking authority from defendant Maricopa County concerning the acts of Detective Simonson and/or Sergeant Summers; and

5.      Defendant Arpaio ratified Detective Simonson and/or Sergeant Summers' acts and the basis for them that is, Defendant Arpaio knew of and specifically approved of the employee's acts.

Simply going along with discretionary decisions made by one's employees is not ratification. The mere failure to investigate the basis of an employee's discretionary decisions does not amount to ratification. For you to find that Defendant Arpaio ratified the acts of Detective Simonson and/or Sergeant Summers, there must be a evidence of a conscious, affirmative choice by Defendant Arpaio to approve their acts.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the Defendant Arpaio and Detective Simonson and Sergeant Summers acted under color of law.

I instruct you that Defendant Arpaio had final policymaking authority from defendant Maricopa County concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

_____
SOURCE: Ninth Circuit Model Jury Instruction 9.6; *City of St. Louis v. Prapotnik*, 485 U.S. 112, 130 (1988) (Simply going along with discretionary decisions made by one's subordinates is not a delegation of the authority to make policy. The mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (For a policymaker's ratification of a subordinate's decision

to support municipal liability, there must be evidence of a conscious, affirmative choice by the policymaker.).

**Plaintiff's Objection:** Plaintiff objects to this instruction as it does not completely reflect the law and adds superfluous argumentative language that is not included in Model Civil Jury Instruction 9.6. "Supervisors can be held liable for the actions of their subordinates (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; . ..; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009).  And, ratification only requires "both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act." *Lytle v. Carl*, 382 F.3d 978, 987–88 (9th Cir.2004).  Plaintiff's suggested instruction is much more closely modeled after Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.6 and is appropriate.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39
## CAUSATION

In order to establish that Sheriff Arpaio's acts, or failure to act, deprived Sergeant Lovejoy of his particular rights under the laws of the United States Constitution as explained in later instructions, Sergeant Lovejoy must prove by a preponderance of the evidence that Sheriff Arpaio's acts, or failure to act, were so closely related to the deprivation of Sergeant Lovejoy's rights as to be the moving force that caused the ultimate injury.

_____

SOURCE:  Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.8.

**Defendants' Objection:**  Defendants object to this instruction because it is unnecessarily modified from Model Instruction 9.8. In addition, the proposed instruction includes the phrase "failure to act" which impermissibly expands Plaintiff's claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions, and of unconstitutional policies and practices, not on a theory of ratification of subordinates' actions. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**
**CAUSATION**

In order to establish that the acts of Defendant Arpaio deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

_____

SOURCE:  Ninth Circuit Model Jury Instruction 9.8.

**Plaintiff's Objection:** Plaintiff objects to this instruction because it is potentially misleading to the jury to the extent that it does not make clear that Sheriff Arpaio's inactions and ratification may be a source for liability.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41
PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—GENERALLY**

As previously explained, Sergeant Lovejoy has the burden to prove that Sheriff Arpaio's acts, or failure to act, deprived him of particular rights under the United States Constitution.  In this case, Sergeant Lovejoy alleges Sheriff Arpaio deprived him of his rights under the Fourth Amendment to the Constitution when Sheriff Arpaio either (1) directed the unlawful arrest/ imprisonment of Sergeant Lovejoy, or (2) failed to stop his subordinates from unlawfully arresting/imprisoning Sergeant Lovejoy.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Sheriff Arpaio deprived Sergeant Lovejoy of this Fourth Amendment right, Sergeant Lovejoy must prove the following additional elements by a preponderance of the evidence:

1.   Sheriff Arpaio seized Sergeant Lovejoy; ***or***

   Sheriff Arpaio directed his subordinate[s], or set in motion a series of acts by his subordinate[s], that resulted in the seizure of Sergeant Lovejoy; **or**

   Sheriff Arpaio knew, or reasonably should have known, that his subordinate[s] would seize Sergeant Lovejoy; and Sheriff Arpaio failed to act to prevent his subordinate[s] from engaging in such conduct;

2.   the seizure of Sergeant Lovejoy was intentional; and

3.   the seizure was unreasonable.

As a matter of law, a person is seized when he is placed under arrest by the police.  I am instructing you that Sergeant Lovejoy was intentionally seized.

_____

SOURCE:   Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.18; *Terry v. Ohio*, 392 U.S. 19 (1968).

**Defendants' Objection:**  Defendants object to this instruction because Plaintiff attempts to impermissibly expand the basis for his claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions, and of unconstitutional policies and practices, not on a theory of ratification of subordinates' actions. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42
## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
## SEIZURE OF PERSON—GENERALLY

As previously explained, the plaintiff has the burden to prove that the acts of Defendant Arpaio deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges Defendant Arpaio deprived him of his rights under the Fourth Amendment to the Constitution when plaintiff was arrested and prosecuted for the death of his police dog, Bandit.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

    1.    At Defendant Arpaio's direction, Sergeant Summers and Deputy Simonson seized the plaintiff's person;

    2.    in seizing the plaintiff's person, Sergeant Summers and Deputy Simonson acted intentionally; and

    3.    the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business. The parties have stipulated that the plaintiff was seized.

_____

SOURCE:  Ninth Circuit Model Jury Instruction 9.18

**Plaintiff's Objection:** Plaintiff objects to this instruction because it is potentially misleading to the jury to the extent that it does not make clear that Sheriff Arpaio's inactions and ratification may be a source for liability.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43
## PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
## SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, the seizure of a person by arrest without a warrant is reasonable if there was probable cause to believe Sergeant Lovejoy committed a crime.  In order to prove the seizure in this case was unreasonable, Sergeant Lovejoy must prove by a preponderance of the evidence that he was seized without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that Sergeant Lovejoy committed a crime.

In Arizona, it is the misdemeanor crime of Cruelty to Animals to "[i]ntentionally, knowingly or recklessly leave[] an animal unattended and confined in a motor vehicle [if] physical injury to or death of the animal is likely to result." Sheriff Arpaio does not claim that Sergeant Lovejoy intentionally or knowingly committed the offense of Cruelty to Animals; he claims that Sergeant Lovejoy was properly arrested and prosecuted because he acted recklessly.

"Recklessly" is defined by Arizona law and "means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.  The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.  A person who creates such a risk but who is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk."

_____

SOURCE:   Adapted Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 9.20; A.R.S. § 13-2910(A)(7); A.R.S. § 13-105(10)(c).

**Defendants' Objection**:  Defendants object because this instruction is unnecessarily modified from Model Instruction 9.20. Defendants object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Moreover, Defendants object to the following language regarding Defendants' claims, "Sheriff Arpaio does not claim that Sergeant Lovejoy intentionally or knowingly committed the offense of Cruelty to Animals; he claims that Sergeant Lovejoy was properly arrested and prosecuted because he acted recklessly." Although it is true that the detectives did not contend that Plaintiff acted intentionally or knowingly, if that is conveyed to the jury it should be in the form of a stipulation or instruction from the court that those elements do not apply. Defendants propose the following instruction as an alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44
PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under Arizona state law, it is a crime to intentionally, knowingly or recklessly leave an animal unattended and confined in a motor vehicle and physical injury to or death of the animal is likely to result.

Under Arizona state law, "recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but who is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

The parties have stipulated that the plaintiff did not act intentionally or knowingly.

_____

SOURCE:  Ninth Circuit Model Jury Instruction 9.20; A.R.S. § 12-2910(A)(7); A.R.S. § 13-105(10)(c).
**<u>Plaintiff's Objection:</u>** Plaintiff objects to this instruction to the extent that it is not a complete statement of Arizona law.  Plaintiff's proposed instruction is more accurate.

# EXHIBIT B

**STIPULATED PROPOSED JURY INSTRUCTION NO. 1**
**MALICIOUS PROSECUTION CLAIM UNDER STATE LAW**

The plaintiff claims that Defendant Arpaio is liable for malicious prosecution based on his own actions or the actions of his employees.

Defendant Arpaio is responsible for the actions of his employee if the employee was acting within the scope of his employment. In this case, Defendant Arpaio is responsible for the actions of his employees.

To establish his claim of malicious prosecution under state law, the plaintiff must prove:

1.  Defendant Arpaio or his employees initiated or took active part in the prosecution of a criminal action against the plaintiff;

2.  The action or proceeding terminated in the plaintiff's favor;

3.  Defendant Arpaio or his employees acted without probable cause;

4.  Defendant Arpaio or his employees acted with malice;

5.  Defendant Arpaio or his employees' malicious conduct was a cause of injury, damage, loss or harm to the plaintiff.

_____

SOURCE: Revised Arizona Jury Instructions (Civil) 5 and 19 (4th edition 2005).

# EXHIBIT C

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1
## EMOTIONAL DISTRESS

In assessing compensatory damages for Sergeant Lovejoy, you may include an amount for emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case.  The nature and degree of mental distress may differ widely from person to person.  Consequently, the law does not try to fix, nor does the law permit, a precise formula by which emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents.  Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors.  You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate Sergeant Lovejoy for the actual emotional distress he endured as the direct result of any harm he may have suffered.  The amount of damages should be fair, just, and reasonable.

_____

SOURCE:  Adapted from Section 1983 Litigation, Jury Instructions, M. Schwartz & G. Pratt, Volume 4 (2005), Instruction 18.01.5; *Patrolmen's Benevolent v. City of New York*, 310 F.3d 43, 56 (2nd Cir. 2002) (holding that in a Section 1983 claim, emotional distress can be proved without physical manifestations; testimony of the distress is sufficient).

**Defendants' Objection:**  Defendants object to this instruction as unnecessary and confusing. The Model Jury Instructions on damages refer to "emotional pain and suffering" and do not use the term "emotional distress." Moreover, the meaning of emotional pain and suffering is within the common knowledge and understanding of a jury, and the availability of these damages is covered by Model Jury Instruction 5.2. The inclusion of this additional instruction relating to emotional distress damages would prejudice Defendants by unfairly emphasizing this category of damages.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2
## PUNITIVE DAMAGES

If you find for Sergeant Lovejoy, you may, but are not required to, award punitive damages against Sheriff Arpaio in his individual capacity. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Sergeant Lovejoy has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that Sheriff Arpaio's conduct or failure to act was malicious, in reckless disregard of Sergeant Lovejoy's rights, or oppressively done.

An act or a failure to act is "malicious" if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. An act or a failure to act is in "reckless disregard" if, under the circumstances, it reflects complete indifference to Sergeant Lovejoy's safety, rights, or Sheriff Arpaio acts in the face of a perceived risk that its actions will violate Sergeant Lovejoy's rights under federal law.

An act or a failure to act is "oppressively done" if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of Sheriff Arpaio's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Sergeant Lovejoy.

You may impose punitive damages against Sheriff Arpaio. Punitive damages may be awarded even if you award Sergeant Lovejoy only nominal, and not compensatory, damages.

_____

SOURCE:  Adapted from Model Civil Jury Instructions, Ninth Circuit, 2007, Instruction 5.5; *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); Section 1983 Litigation, Jury Instructions, M. Schwartz & G. Pratt, Volume 4 (2005), Instruction 18.07.1; *McKinley v. Trattles*, 732 F.2d 1320, 1326, n.2 (7th Cir. 1984).

**Defendants' Objection:**  Defendants object to this instruction because the facts of this case do not warrant a punitive damages instruction and the evidence will not support such an instruction. If the Court determines that this instruction is appropriate, then Defendants object because the instruction is unnecessarily modified from Model Jury Instruction 5.5. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants offer the following proposed instruction as an alternative.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3
## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Punitive damages may not be awarded against Defendant Arpaio on Plaintiff's state claim of malicious prosecution. Punitive damages may not be awarded against Maricopa County on any claim.

_____

SOURCE: Ninth Circuit Model Jury Instruction 5.5.; A.R.S. § 12-820.04.

**Plaintiff's Objection:** Plaintiff objects to this instruction to the extent that it is not a complete statement of the law.  Plaintiff's proposed instruction is more accurate.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
## MALICIOUS PROSECUTION

Sergeant Lovejoy also brings a claim of malicious prosecution claims under 42 U.S.C. § 1983.  Malicious prosecution actions are not limited to suits against prosecutors, but may be brought, as here, against a law enforcement officer who has wrongfully caused  charges to be filed.  Malicious prosecution is defined by the law as the wrongful setting in motion of the judicial process against another person so as to subject him to an unjustifiable criminal prosecution.

For the defendant(s) to be liable for malicious prosecution there are five elements that Sergeant Lovejoy must prove the following elements by a preponderance of the evidence:

1.  That Sheriff Arpaio initiated, or ratified the initiation of, a criminal proceeding against Sergeant Lovejoy;

2.  That the criminal proceeding terminated in Sergeant Lovejoy's favor;

3.  That there was no probable cause for the commencement or the continuation of the criminal proceeding;

4.  That the criminal proceeding was instituted with malice;

5.  That the criminal proceeding was for the purpose of depriving Sergeant Lovejoy of a constitutional right.

Two of these elements (2 and 5) are not in dispute.  As to the second element, that the criminal proceeding terminated in Sergeant Lovejoy's favor since he was acquitted of the crime for which he was charged.  Therefore, I instruct you as a matter of law that the second element is satisfied.  Following his arrest, Sergeant Lovejoy was incarcerated for a period of time after his arraignment.  Additionally, Sergeant Lovejoy was required to attend various court appearances during the months between his arraignment and the time that the criminal action against him was ultimately terminated in his favor.  Additionally, Sergeant Lovejoy was forbidden from leaving the State during the prosecution.  These were all deprivations of Sergeant Lovejoy's constitutional right to liberty.  Therefore, the fifth element is satisfied.

As to the first element, you will determine whether Sheriff Arpaio did one of the following acts:

(1)  initiated, or took acts to ensure the continuation of, the criminal proceeding against Sergeant Lovejoy for the offenses of Cruelty to Animals, *or*

(2)  directed his subordinate[s], or set in motion a series of acts by his subordinate[s], which resulted in the initiation, or continuation, of the criminal proceeding against Sergeant Lovejoy for the offenses of Cruelty to Animals; *or*

(3)     knew, or reasonably should have known, that his subordinate[s] would initiate, and/or continue, the criminal proceeding against Sergeant Lovejoy for the offenses of Cruelty to Animals and failed to act to prevent his subordinate[s] from engaging in such conduct.

If you find Sergeant Lovejoy has proven the first element, then you must turn to the third element and determine if there was probable cause for the initiation, or continuance, of the criminal proceeding against Sergeant Lovejoy for the offenses of Cruelty to Animals.  We are now discussing probable cause to commence and continue the criminal prosecution.  I have previously discussed the issue of probable cause with regard to the alleged unlawful seizure.  In that connection, I instructed you as to whether Sheriff Arpaio, or his subordinates, had probable cause to initially arrest Sergeant Lovejoy.  Now, we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding, even though it may have occurred on the same day.

We are now past the arrest stage and into the actual initiation of the prosecution or continuance of the criminal proceeding.  The issue of probable cause at the time of the arrest may or may not be different from the issue of probable cause to commence a criminal proceeding by actually filing an information and pursuing the matter in court.  That depends upon what additional facts and information, if any, came to the defendant's attention after the arrest.  There may have been, or may not have been, any additional facts coming to the defendant's attention.  Those determinations are for you to make based on all of the evidence in the case.

Sergeant Lovejoy must prove that Sheriff Arpaio, or his subordinates, acted without probable cause in commencing the criminal proceeding against him.  Whether probable cause existed depends upon whether a reasonably prudent person would have believed Sergeant Lovejoy to be guilty of the crime of Cruelty to Animals on the basis of the facts Sheriff Arpaio, or his subordinates, knew when instituting the prosecution, or that they then reasonably believed to be true.

If you have found that Sheriff Arpaio was the moving force behind the initiation and/or continuance of the prosecution of Sergeant Lovejoy for the crime of Cruelty to Animals, or ratified the prosecution of Sergeant Lovejoy, and you have found that there was no probable cause for same, you must finally turn to the fifth element and decide if the criminal proceeding was commenced or continued by reason of actual malice.

A prosecution is initiated maliciously if it is initiated for a purpose other than bringing an offender to justice; for some ulterior purpose other than to secure punishment for a violation or crime; out of personal ill will; or in reckless disregard of the rights of the person accused.  Reckless disregard of the rights of the person accused means initiation of the prosecution without any reasonable ground for belief that he has actually committed the offenses or crimes.

If you find that Sheriff Arpaio, or his subordinates, did not have probable cause for believing that Sergeant Lovejoy committed the offense of Cruelty to Animals at the time of the initiation of the prosecution, you may, though you are not required to, infer from that fact that Sheriff Arpaio, or his subordinates, acted maliciously.

---

SOURCE:  Adapted from Section 1983 Litigation, Jury Instructions, M. Schwartz & G. Pratt, Volume 4 (2005), Instruction 8.03.1 & 8.03.2; *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir. 2004).

**<u>Defendants' Objection:</u>**  Defendants object to this instruction because Plaintiff attempts to impermissibly expand the basis for his claims. As alleged in the First Amended Complaint, Plaintiff's claims in this case are based on allegations of Sheriff Arpaio's direct actions, and of unconstitutional policies and practices, not based on omissions or on a theory of ratification of subordinates' actions. *See* First Amended Complaint (Dkt. 24) at ¶¶ 32, 34, 39, 45, 47-49, 86-96; Joint Proposed Discovery Plan (Dkt. 34) at pp. 2-3 describing Plaintiffs' claims. Moreover, ratification applies only to municipal liability, not to the individual liability of Defendant Arpaio. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial.  This instruction also misstates the law as to the application of the right to liberty in a malicious prosecution case. *See Albright v. Oliver*, 510 U.S. 266, 274 (1994) (the Fourth Amendment addresses the matter of pretrial deprivations of liberty and the Amendment's relevance extends to the liberty deprivations that go hand-in-hand with criminal prosecutions). The instruction is argumentative and inappropriately instructs the jury that a legal or factual determination has been made that Defendant Arpaio violated Plaintiff's constitutional rights and/or took actions that were intended to violate Plaintiff's constitutional rights. The instruction also conflates the issue of vicarious liability on the state malicious prosecution claim with the issue of supervisory liability on the federal prosecution claims. Defendants offer the following two proposed instructions as an alternative.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5
## SECTION 1983 CLAIM – MALICIOUS PROSECUTION

The plaintiff brings a claim against Defendant Arpaio of malicious prosecution under 42 U.S.C. § 1983. As previously explained, the plaintiff has the burden of proving the elements of this claim.

In order to prove that Defendant Arpaio is liable for malicious prosecution, the plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendant Arpaio directed or participated in the prosecution of plaintiff;

2. Defendant Arpaio improperly exerted pressure, knowingly provided misinformation to the prosecutor, concealed exculpatory evidence; or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the prosecution;

3. Defendant Arpaio acted with malice;

4. Defendant Arpaio acted without probable cause;

5. Defendant Arpaio acted with the purpose of denying the plaintiff his rights under the Fourth Amendment.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under Arizona state law, it is a crime to intentionally, knowingly or recklessly leave an animal unattended and confined in a motor vehicle and physical injury to or death of the animal is likely to result.

Under Arizona state law "recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but who is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

The parties have stipulated that the plaintiff did not act intentionally or knowingly.

---

SOURCE:  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009); *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir. 1981); *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008); *Lacy v. County of Maricopa*, 631 F.Supp.2d 1183, 1195 (D.Ariz. 2008).

**<u>Plaintiff's Objection:</u>** Plaintiff objects to this instruction because it misstates the law. The proposed instruction does not contain all of the elements of a malicious prosecution claim, including the requirement that the prosecution terminate in the plaintiff's favor. Moreover, the proposed instruction is contrary to law for the reasons raised in Plaintiff's Motion in Limine No. 3 Regarding Evidence of Prosecutorial Support of Charging Decision [Dkt. 124].  In *Hartman v. Moore*, 547 U.S. 250 (2006), the Supreme Court held that a plaintiff need not prove  a law enforcement officer "improperly exerted pressure, knowingly provided misinformation to the prosecutor, concealed exculpatory evidence; or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the prosecution," as suggested by Defendants' proposed instruction. The Court held that "a retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward are reasonable grounds to suspend the presumption of regularity behind the charging decision." *Id*. at 265.  Moreover, the jury should be instructed that, as a matter of law, the prosecution terminated in favor of Sergeant Lovejoy, which it may consider as evidence of no probable cause for the prosecution.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6
## SECTION 1983 CONSPIRACY

Sergeant Lovejoy also claims that Sheriff Arpaio conspired to deprive him of his constitutional rights under color of state law.  To establish a civil conspiracy under section 1983, Sergeant Lovejoy must show that Sheriff Arpaio acted jointly and in concert with another and that his acts were done in furtherance of the conspiracy which resulted in the deprivation of Sergeant Lovejoy's constitutional rights.

In order to prove the existence of a civil conspiracy, Sergeant Lovejoy is not required to provide direct evidence of the agreement between the conspirators. Circumstantial evidence may provide adequate proof of the existence of such a conspiracy.

A conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means.  The principal elements of a conspiracy are: (1) an agreement or understanding between the parties to inflict a wrong against or injury upon another, and (2) an overt act in furtherance of the conspiracy which results in damage.

A conspiracy is a kind of partnership, in which each member becomes the agent of every other member in order to carry out a common goal.  The essence of a conspiracy is a combination or agreement to violate the law.  Mere similarity of conduct among various persons, or the facts that they may have associated with each other and may have assembled together and discussed some common aims and interests, does not necessarily prove the existence of a conspiracy.

In this suit, Sergeant Lovejoy alleges that Sheriff Arpaio conspired with former-County Attorney Andrew Thomas and/or former-Deputy County Attorney Lisa Aubuchon to deprive Sergeant Lovejoy of his constitutional rights.  There can be no conspiracy unless more than one person is involved.  One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.  On the other hand, a person who has no knowledge of a conspiracy, but who happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Before you may find that a defendant has become a member of a conspiracy, it must be shown by a preponderance of the evidence that the conspiracy was knowingly formed, and that the defendant who is claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy.

---

SOURCE:  Adapted from Section 1983 Litigation, Jury Instructions, M. Schwartz & G. Pratt, Volume 4 (2005), Instruction 8.01.13.

**<u>Defendants' Objection:</u>** Defendants object to this instruction because it impermissibly expands Plaintiff's claims as alleged in the First Amended Complaint. Plaintiff alleged conspiracy based on "an agreement or meeting of the minds ***between the defendants***" and the acts and omissions ***of Arpaio and others within the MCSO*** in furtherance of their

conspiracy." *See* First Amended Complaint at ¶¶ 109-114).  Defendants also object to this instruction as confusing. It does not clearly set forth the elements of this claim. Defendants further object to the use of "Sergeant Lovejoy" in place of "the plaintiff" as argumentative and prejudicial. Defendants propose the following instruction as an alternative.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7
### SECTION 1983 CLAIM - CONSPIRACY

The plaintiff brings a claim against Defendant Arpaio of conspiracy under 42 U.S.C. § 1983. As previously explained, the plaintiff has the burden of proving the elements of this claim.

In order to prove that Defendant Arpaio is liable for conspiracy, the plaintiff must prove the following elements by a preponderance of the evidence:

1.  An agreement or a meeting of the minds existed between Defendant Arpaio and others within the Maricopa County Sheriff's Office to violate the plaintiff's constitutional rights;

2.  Defendant Arpaio's actions must have been intended to accomplish an unlawful objective for the purpose of harming the plaintiff; and

3.  Defendant Arpaio took one or more overt actions to further the conspiracy which resulted in harm to the plaintiff.

The agreement need not be overt, and may be inferred on the basis of circumstantial evidence, such as the actions of Defendant Arpaio.

Each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.

_____

SOURCE:   *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999); *Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010).

**Plaintiff's Objection:** Plaintiff objects to Defendants' proposed instruction as it is entirely confusing.  The instruction states, on one hand, that Plaintiff must prove "Defendant Arpaio took one or more overt actions," and then, one sentence later, says, "[t]he agreement need not be overt."  Plaintiff's proposed instruction accurately sets forth the law.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**
**COMPARATIVE FAULT NOT APPLIED TO SECTION 1983 CLAIMS**

The policies underlying Section 1983 claims include compensation of persons injured by deprivation of federal rights and the prevention of abuses of power by those acting under the law.  Therefore, when assessing damages in each of Sergeant Lovejoy's federal Section 1983 claims against the defendants, you are not to consider any alleged fault of anyone other than Sheriff Arpaio.  In other words, you are prohibited from allocating any percentage of fault to Sergeant Lovejoy or anyone other than the defendants.

_____

SOURCES:  *Robertson v. Wegmann*, 436 U.S.  584, 590-91 (1978) (stating that the policies underlying Section 1983 claims include compensation of persons injured by deprivation of federal rights, and prevention of abuses of power by those acting under the color of law); *Quezada v. County of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991) ("Comparative negligence is not applied in suits for violations of federal constitutional rights under Section 1983."), overruled on other grounds, *Ealum v. Schirard*, 46 Fed.Appx. 87, 591 (10th Cir. 2002) (unpublished decision); *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979) (holding same as Quezada); *Virgo v. Lyons*, 209 Conn.  497, 504, 551 A.2d 1243, 1247, n.8 (1988) (noting that under Section 1983 claims there is no setoff for the contributory negligence of a plaintiff, as opposed to state law that allowed for contributory negligence); *Campbell v. Hoffman*, 1994 WL 114007 (D. Kan. 1994) (holding that defendants' allegations of contributory negligence of plaintiffs and various nonparties as a defense to the plaintiff's section 1983 action be stricken from pretrial order).

**Defendants' Objection:**  Defendants object to this instruction because it is inapplicable to Plaintiff's claims and confusing to the jury. This case does not involve personal injury, property damage, or wrongful death and so the comparative fault provisions of A.R.S. § 12-2506 do not apply. Accordingly, Defendants will not be arguing comparative fault to the jury, and the jury need not be instructed on comparative fault. Because Defendants do not believe this instruction is appropriate or necessary, they do not propose an alternative instruction.

# EXHIBIT D

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

Plaintiffs are not entitled to recover any damages based on the abstract value or importance of a constitutional right.

_____

SOURCE: *Memphis Community School District v. Stachura*, 477 U.S. 299, 310, 106 S.Ct. 2537, 2544-2545 (1986).

**Plaintiff's Objection:** Plaintiff objects to Defendants' proposed instruction as it is an absolute misstatement of the law based on the word "any," and it is also confusing.  In *Memphis Community School District v. Stachura*, 477 U.S. 299, 310 (1986), the Supreme Court held that "compensatory damages" under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated.  The Court did not hold, however, that a § 1983 plaintiff can only satisfy the "actual injury" requirement through evidence of direct monetary loss. In fact, the Supreme Court specifically found that compensatory damages may include more than out-of-pocket loss and other monetary harms. *Stachura*, 477 U.S. at 307.  Moreover, the Supreme Court has held that in the absence of actual injury entitling the plaintiff to compensatory damages, a § 1983 plaintiff whose constitutional rights are violated by the defendant is entitled to nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978), *Stachura*, 477 U.S. at 308, n. 11.

4821-9744-6671, v. 1