**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Lovejoy and Carolyn Lovejoy, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife,<br><br>　　　　　Defendants. | No. CV 09-01912-PHX-NVW<br><br>**ORDER** |

Before the Court is "Plaintiffs' Motion in Limine No. 3 Regarding Evidence of Prosecutorial Support of Charging Decision" (Doc. 124). The motion will be denied.

As the Court stated at summary judgment, this dispute need not be decided now, and Lovejoy's motion still does not compel a decision now whether *Hartman*[1] abrogated *Smiddy I*.[2] *Hartman* concerned itself entirely with the presumption of independent prosecutorial judgment. As noted at oral argument on this motion, however, *Smiddy I* makes clear that the entire question of independent prosecutorial judgment only becomes relevant "where police officers do not act maliciously or with reckless disregard for the rights of an arrested person." *Smiddy I*, 665 F.2d at 267. Thus, if Lovejoy can prove (i) lack of probable cause, (ii) that Arpaio was culpably involved in the decision to arrest, and (iii) that Arpaio was motivated by desire for publicity of political gain, Lovejoy

---

[1] *Hartman v. Moore*, 547 U.S. 250 (2006).

[2] *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981).

would prove "malicious[ness]" or "reckless disregard for" his rights and he can hold Arpaio responsible for all of his damages, including those caused by the prosecution.

Lovejoy's position at oral argument — that he still needs to show that Arpaio somehow caused his prosecution before he can recover damages incurred during the prosecution — is incorrect. The plaintiff in *Smiddy I* sued only for the unconstitutional arrest. *See Smiddy I*, 665 F.2d at 264. The Ninth Circuit held that damages for both the arrest and prosecution would be appropriate if the "police officers . . . act[ed] maliciously or with reckless disregard for the rights of [the] arrested person." *Id*. at 267. Accordingly, if Lovejoy proves that Arpaio acted "maliciously or with reckless disregard for" his rights with respect to the arrest, Lovejoy proves all he needs to prove to recover his full damages.[3]

Lovejoy's other concern at oral argument — that he needs a directed verdict on probable cause before he can dispense with evidence regarding the what happened at the County Attorney's Office — is also incorrect. The basis of this argument is unclear, but Lovejoy may believe that he needs the evidence from the County Attorney's Office to shore up his case that probable cause did not exist. But the goings-on at the County Attorney's Office are not relevant under *Smiddy I*'s "maliciously or with reckless disregard" inquiry. To repeat, the plaintiff in *Smiddy I* sued only for the unconstitutional arrest. The evidence in that case related entirely to what the police knew when they chose to make the arrest. *Id*. at 263–64. This Court's summary judgment analysis likewise focused on what the Sheriff's Office knew at the time of the arrest. (Doc. 115 at 25–32; *see also id*. at 24 ("In Lovejoy's case . . . the arrest and prosecution were both justified on [the same theory]. There was no post-arrest investigation that modified that

---

[3] As discussed in the Court's summary judgment order, one line of cases following *Smiddy I* have acknowledged that the injuries incurred through the prosecution can be viewed as "a foreseeable consequence of the arrest, and therefore the injuries caused by the prosecution are natural extensions of the injuries caused by the unconstitutional arrest. *See*, *e.g.*, *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991); *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988)." (Doc. 115 at 36.)

theory. Accordingly, the arrest and prosecution stand or fall together . . . .").) Lovejoy can obtain all the damages he seeks if he proves that Arpaio acted "maliciously or with reckless disregard for" his rights at the time of his arrest.

In sum, given that *Smiddy I* provides a path to complete recovery without reaching the question of independent prosecutorial judgment, the Court need not resolve whether *Hartman* abrogated *Smiddy I*'s treatment of the independent judgment issue if Lovejoy proves malice or reckless disregard as part of his unconstitutional arrest case.[4] And if Lovejoy intends to prove that Arpaio acted maliciously or with reckless disregard concerning the arrest, Lovejoy would not need his malicious prosecution or civil conspiracy causes of action. Focusing entirely on the arrest and whether it was done with maliciousness or reckless disregard would permit the parties to cut the entire post-arrest portion of the evidence from their trial presentations, save for testimony that the case went to trial and Lovejoy was acquitted (which is undisputed), and testimony regarding damages arising post-arrest.

However, if Lovejoy still wishes to pursue his malicious prosecution cause of action or the conspiracy cause of action, or both, then all the evidence relating to the County Attorney's Office — both what the dissenting attorneys thought, and what Thomas and Aubuchon thought — is relevant to the elements of Lovejoy's case, notwithstanding *Hartman*'s potential effect on *Smiddy I*. In the malicious prosecution context, Lovejoy must prove that Arpaio somehow procured the prosecution. The

---

[4] It is perhaps worth noting that *Smiddy I*'s "maliciously or with reckless disregard" qualification is effectively the same standard established in *Hartman*. *Hartman* asks for a retaliatory motive and lack of probable cause. *Smiddy I* asks for maliciousness or reckless disregard and lack of probable cause. In both cases, it suffices to show an unconstitutional motive and lack of probable cause. This is in contrast to *Beck*, which speculates that *Hartman*'s effect on *Smiddy I*, if any, is to cut the inquiry down to lack of probable cause alone, regardless of motive. *See Beck v. City of Upland*, 527 F.3d 853, 864 (9th Cir. 2008) ("Proof of the absence of probable cause, it appears, is the sole factor necessary to resolve the chain of causation problem.").

conspiracy case requires effectively the same showing.  The evidence from the County Attorney's Office is relevant to whether Arpaio had sufficient involvement.

But there is another possibility.  Lovejoy could drop his malicious prosecution and conspiracy causes of action but still lack confidence that he can prove malice or reckless disregard with respect to the arrest.  In that instance, *Smiddy I* would require Lovejoy to rebut the presumption of independent prosecutorial judgment before he could recover prosecution-related damages.  Thus, without knowing if *Hartman* abrogated *Smiddy I* on the issue of the independent judgment presumption, Lovejoy would need to put on his evidence from the County Attorney's Office.

However, *Hartman*'s effect on *Smiddy I* still does not become concretely relevant until and unless the jury concludes that (a) malice and reckless disregard did not exist as to the arrest and (b) Lovejoy has not rebutted the independent judgment presumption.  Thus, as the Court stated at summary judgment, no ruling is necessary at this point because its relevance here turns on the jury's conclusions.  (Doc. 115 at 37–38 n.6.)  The jury instructions and verdict form can be framed to isolate whether the jury indeed concluded that malice and reckless disregard did not exist and the independent prosecutorial judgment presumption had not been rebutted.

Lovejoy nonetheless argues,

> If . . . Defendants [are] permitted to present evidence of the alleged independent decision-making by the Maricopa County Attorney's Office ("MCAO")[, s]uch evidence would likely mislead the jury into concluding that Arpaio might not be liable for Sergeant Lovejoy's post-charge damages because of the MCAO's decision-making; or at least that the MCAO's decision-making is a mitigating factor that should reduce any punitive damages award against Sheriff Arpaio.

(Doc. 124 at 4.)  However, this concern is largely of Lovejoy's own making.  If Lovejoy intends to put on evidence of what the dissenting Deputy County Attorneys concluded (which he intends to do no matter what, according to counsel at oral argument), it is only relevant to proving (a) elements of the malicious prosecution or conspiracy claims, or

(b) a lack of independent prosecutorial judgment. As to both issues, Arpaio must be allowed to present whatever countervailing evidence he has, including Thomas's and Aubuchon's expected testimony that they reached their own independent judgment.

IT IS THEREFORE ORDERED that "Plaintiffs' Motion in Limine No. 3 Regarding Evidence of Prosecutorial Support of Charging Decision" (Doc. 124) is DENIED.

Dated this 4th day of April, 2012.

_____
Neil V. Wake
United States District Judge